IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CAROL A. BUTLER                                                                           PLAINTIFF

v.                                           No. 4:11–CV–802–BD

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Carol A. Butler sought judicial review of the denial of her applications for disability insurance benefits and supplemental security income.[1] She alleged she became disabled on July 7, 2007,[2] because of headaches, stomach problems, fibromyalgia, and the human pappillomavirus virus.[3] She claimed she stopped working on July 7, 2007, because of her medical conditions, but she actually stopped working because the factory where she worked closed.[4]

After considering the applications, the Commissioner's ALJ determined that although Ms. Butler had severe impairments—fibromyalgia, abdominal pain with adhesions, migraine headaches, the human pappillomavirus virus, and a thyroid

---

[1] *See* docket entry # 2 (complaint).

[2] SSA record at pp. 98 & 103.

[3] *Id*. at p. 127.

[4] *Id*. at p. 460.

disorder[5]—Ms. Butler had the residual functional capacity (RFC) to do the full range of light work.[6] The ALJ found that depression and anxiety were nonsevere impairments posing no more than a minimal effect on Ms. Butler's ability to do basic work activities.[7] Because the ALJ determined Ms. Butler could do her past work as a file clerk/general office worker, the ALJ concluded that Ms. Butler was not disabled under the Social Security Act. After the Commissioner's Appeals Council denied Ms. Butler's request for review,[8] the ALJ's decision became a final decision for judicial review.[9] Ms. Butler filed this case to challenge the ALJ's conclusion.

Ms. Butler alleged disability once before.[10] The Commissioner denied the application on August 1, 2008. Because she did not appeal the decision, the earliest Ms.

---

[5] *Id*. at p. 13.

[6] *Id*. at p. 16.

[7] *Id*. at p. 14. See 20 C.F.R. § 404.1520(c), § 416.920(c) (explaining that a claimant is not disabled if she does "have any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities").

[8] SSA record at p. 1.

[9] *See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[10] SSA record at p. 124.

Butler could have received benefits was August 2, 2008,[11] despite an alleged on-set date of July 7, 2007.

Ms. Butler's argument is not well-articulated, but liberally construed, she argues that the ALJ's RFC determination was deficient because it did not incorporate limitations flowing from depression and anxiety. Ms. Butler did not identify the limitations that should have been included. At her hearing, Ms. Butler identified pain as preventing her from working.

"A claimant's RFC represents the most [s]he can do despite the combined effects of all of [her] credible limitations and must be based on all credible evidence."[12] "In determining the claimant's [RFC], the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments."[13] "Some of the factors an ALJ may consider when determining a claimant's mental impairments are (1) the claimant's failure to allege mental impairments in [her] complaint, (2) failure to

---

[11] *Brachtel v. Apfel*, 132 F.3d 417, 419 (8th Cir. 1997) ("The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings…;" the doctrine applies to administrative decisions).

[12] *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011).

[13] *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

seek mental treatment, (3) the claimant's own statements, and (4) lack of medical evidence indicating mental impairment."[14]

Ms. Butler reported a twenty-year history of depression and anxiety,[15] but when she applied for disability benefits, she did not base disability on mental impairment. The record contained medical evidence showing that Ms. Butler was treated with psychotropic drugs as early as December 2006.[16] Ms. Butler reported being treated with psychotropic drugs for 20 years.[17] During that time period, Ms. Butler worked continuously for the same employer for 29 years. No evidence indicated that depression or anxiety interfered with Ms. Butler's ability to do her job. Ms. Butler's consistent work history while taking psychotropic drugs showed that neither depression nor anxiety limited her ability to do basic work activities.

---

[14] *Partee v. Astrue*, 638 F.3d 860, 864 (8th Cir. 2011).

[15] SSA record at p. 327 (stating that Ms. Butler had taken same dose of same psychotropic drug for over 20 years; "still effective"); *id*. at p. 235 (reporting history of anxiety since young age); *id*. at p. 503 (reporting treatment for depression for over 20 years).

[16] *Id*. at p. 266 (prescribing a psychotropic drug for anxiety on Dec. 8, 2006).

[17] *Id*. at p. 327 (reporting same dose of Lorazepam for 20 years; it was still effective).

The year after she lost her job, Ms. Butler presented to hospital emergency rooms and complained about phobias and anxiety.[18] On the last visit, Ms. Butler was admitted, treated, and discharged.[19] The visits have limited relevance to Ms. Butler's application because the visits preceded August 2, 2008. To the extent the visits were relevant, the evidence did not establish impairment of sufficient duration.[20]

After the hospital visits, Ms. Butler's primary care physician referred her to out-patient psychological counseling services.[21] Ms. Butler attended an intake interview[22] and two followup sessions,[23] but then discontinued services. During her hearing, she suggested that she was turned away because her mother paid for her treatment,[24] but the case-closing note indicated that Ms. Butler did not want additional services.[25] She was content to see her primary care physician for psychotropic drugs.

---

[18] *Id*. at p. 227 (Feb. 21, 08); p. 246 (Feb. 22, 08); p. 208 (Mar. 28, 08); & p. 474 (Mar. 29, 08).

[19] *Id*. at p. 474 (reflecting hospital stay from Mar. 29, 2008 to Apr. 1, 2008).

[20] To be disabling, an impairment must "be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

[21] *Id*. at p. 383 (Apr. 3, 2008).

[22] *Id*. at p. 460 (Apr. 21, 08).

[23] *Id*. at p. 457 (May 2, 2008) & p. 454 (June 5, 2008).

[24] *Id*. at p. 36.

[25] *Id*. at p. 452 (June 10, 2008).

After August 1, 2008, Ms. Butler reported to her primary care physician that her anxiety and depression had improved.[26] The only contrary report was a statement to an examining psychologist. On July 30, 2009, Ms. Butler reported to the examiner that she was depressed and anxious.[27] By that time, Ms. Butler had been unemployed for over two years. She explained that pain from a knot in her right side drove her depression.[28] Two weeks later, Ms. Butler reported to the Commissioner that she was under a lot of stress worrying about whether she would get disability benefits.[29] Instead of showing that depression or anxiety impaired her ability to work, the evidence indicated unemployment created depression and anxiety.[30]

No evidence showed depression or anxiety impaired Ms. Butler's ability to do basic work activities. As a result, no basis existed for including mental impairments in Ms. Butler's RFC. A reasonable mind would accept Ms. Butler's work history and medical history as adequate to show that neither depression nor anxiety impaired her

---

[26] *Id.* at p. 407 (Nov 17, 2008).

[27] *Id.* at p. 504 (July 30, 2009).

[28] *Id.* at p. 505.

[29] *Id.* at p. 165.

[30] *Id.* at p. 454 (reporting depression since losing her job and describing stressors involving fiancé and finances).

ability to work. Consequently, substantial evidence supports the ALJ's RFC determination.[31]

**Conclusion**. Substantial evidence supports the ALJ's decision denying Ms. Butler's applications. The ALJ made no legal error. For these reasons, the court DENIES Ms. Butler's request for relief (docket entry # 2) and AFFIRMS the decision denying the application.

It is so ordered this 24th day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

[31] *See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (internal citation omitted).